# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT BECKLEY

**MARFORK COAL COMPANY, INC.,**
a West Virginia corporation,

      **Plaintiff,**

**v.**                                 **CIVIL ACTION NO. 5:11-cv-00677**

**CATHERINE ANN MACDOUGAL,**
**REBECCA KOLINS, ELIAS SCHEWEL,**
**AND JUNIOR WALK,**

      **Defendants.**

## PLAINTIFF MARFORK COAL COMPANY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

Despite multiple letters, meet-and-confer telephone conferences, and stipulations to extensions of time, Defendants have failed to provide adequate responses to Interrogatory Nos. 3, 5, 6, 7, and 8 and to Request for Production Nos. 2, 3, 5, 6, 7, and 11 contained within plaintiff Marfork Coal Company, Inc.'s ("Marfork") "First Set of Interrogatories and Requests for Production of Documents to Defendants" ("Discovery Requests") (Ex. 1).[1] Defendants have responded only with a confusing morass of improperly asserted objections and irrelevant case law—undeniably the product of an obstructionist discovery strategy. In addition to general, purely boilerplate objections, Defendants' responses are replete with ill-founded claims about relevancy and First Amendment "privileges." Apart from being unsupported by law or fact, Defendants' objections are wholly improper and do not suffice to shield them from responding to Marfork's Discovery Requests. *See Mills v. East Gulf Coal Prep. Co.*, 259 F.R.D. 118 (S.D.W. Va. 2009); *Susko v. City of Weirton*, Civ. Action No. 5:09-CV-1, 2011 WL 98557 (N.D.W. Va.

---

[1] The exhibits referenced in this memorandum are attached to Marfork's Motion to Compel Discovery. The Discovery Requests at issue and Defendants' responses thereto are set forth in the "Appendix A" attached to Marfork's Motion.

Jan. 12, 2011); *Ayers v. Continental Cas. Co.*, 240 F.R.D. 216 (N.D.W. Va. 2007). Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 37, Marfork is entitled to an order compelling Defendants to furnish full and complete responses, without objections, to Interrogatory Nos. 3, 5, 6, 7, and 8 and to Request for Production Nos. 2, 3, 5, 6, 7, and 11 contained in Marfork's Discovery Requests.

## I.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

As explained in detail in its Motion, Marfork's counsel has attempted, in good faith, to resolve this discovery dispute without court action. Marfork's counsel has withdrawn and revised certain of its Discovery Requests, has explained in great detail via correspondence and telephone calls why Marfork is entitled to the information and documents requested, and has granted Defendants two extensions of time to respond to Marfork's Discovery Requests. Nevertheless, Defendants have failed to adequately respond to Interrogatory Nos. 3, 5, 6, 7, and 8 and to Request for Production Nos. 2, 3, 5, 6, 7, and 11.

## II.    ARGUMENT

### A.    Standard for a motion to compel discovery

Motions to compel discovery are governed by Rule 37, which provides:

A party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if[] . . . a party fails to answer an interrogatory submitted under Rule 33; or a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Additionally, Rule 37 provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). As explained in *Mills*, a motion to compel discovery should be granted when a party's responses and objections to discovery "are improper, not in conformity with the Rules and evasive." 259 F.R.D. at 133.

Here, Defendants failed to provide adequate responses to Interrogatory Nos. 3, 5, 6, 7, and 8 and to Request for Production Nos. 2, 3, 5, 6, 7, and 11. Defendants' relevancy objections are unfounded, and their ubiquitous First Amendment "privileges" are unsupported in law or fact and, in any event, are not accompanied by a privilege log or other filing that would allow Marfork or the Court to fully evaluate the legitimacy of such heretofore (under the facts of this case) unrecognized privileges. Furthermore, Defendants' general, purely boilerplate objections are inappropriate and insufficient, as they do not comply (and no effort was made to assert them in compliance) with the Rules. Thus, Defendants should be compelled to provide full and complete responses, without objections, to all of the Discovery Requests at issue.

**B.    Defendants' relevancy objections are improper and unfounded.**

"Unless limited by a court order, parties in civil litigation enjoy broad discovery as detailed in Fed. R. Civ. P. 26(b)(1)[.]" *Alberts v. Wheeling Jesuit Univ.*, Civ. Action No. 5:09-CV-109, 2010 WL 1539852, *2 (N.D.W. Va. April 19, 2010). According to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Importantly, "[t]he test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence." *Ayers*, 240 F.R.D. at 220. "To be relevant, the information sought must be 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Alberts*, 2010 WL 1539852, at *2 (quoting *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). In other words, "[i]nformation sought by means of the discovery process must be relevant to the issues in action or must be useful in uncovering the existence of information relevant to the issues in the case." *Susko*, 2011 WL 98557, at *9.

The Discovery Requests at issue ask for relevant information, or would be useful in uncovering the existence of relevant information:

- Interrogatory No. 3 and Request for Production Nos. 2 and 3 seek financial information and documents from Defendants.

- Interrogatory No. 5 and Request for Production No. 5 seek Defendants' electronic communications (e.g., e-mails) regarding **the July 20, 2011 trespass.**

- Interrogatory No. 6 and Request for Production No. 10 seek publications authored by Defendants or by someone under their direction regarding **the July 20, 2011 trespass.**

- Interrogatory No. 7 and Request for Production No. 11 seek information and documents regarding how Defendants became involved in **the July 20, 2011 trespass.**

- Interrogatory No. 8 seeks information regarding who organized or assisted in organizing and who participated in **the July 20, 2011 trespass.**

- Request for Production Nos. 6 through 9 seek photographs and videos of **the July 20, 2011 trespass**, the preparations for that trespass, and the Beetree Surface Mine, as well as maps of the mine property.

(Ex. 1.) Nevertheless, Defendants objected to every one of those requests as irrelevant. (*See* Appx. A.)[2] For instance, Defendants objected to Marfork's request for electronic communications ***regarding the trespass*** as "demanding information of no possible relevance to this action." (*See id.*) Defendants' objections are improper and unfounded for several reasons.

First, Defendants have refused to respond at all to certain of Marfork's Discovery Requests even though their relevancy objections only apply to parts of those requests. (*See*

---

[2] *See also* Ex. 3, Defendants' "Preliminary Objections" (to Marfork's interrogatories), and Ex. 7, Defendants' "Supplemental Preliminary Objections" (to Marfork's requests for production), wherein Defendants managed to assert "relevancy" (and other boilerplate) objections to virtually every Discovery Request served on them, accompanied, of course, by threats of moving for sanctions if the requests were not withdrawn. Particularly egregious were Defendants' objections to the Discovery Requests relating directly to their own affirmative defenses, which they claimed "demand[ed] information of no possible relevance to this action and not likely to lead to discoverable evidence." (Exs. 3, 7.) While Marfork wholeheartedly agrees that Defendants' manufactured "affirmative defenses" are not relevant to anything in this case (or recognized by law), Marfork finds it a little bizarre that Defendants admitted as much simply to disrupt and avoid discovery.

Appx. A.) This is improper. To the extent Defendants find only a portion of a Discovery Request to be objectionable, they must still respond to the remainder of the Discovery Request. *See* Fed. R. Civ. P. 33(b)(3), 34(b)(2)(C); *see also* 8B Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2173 (3d ed. 2011) ("The fact a party has an objection to part of one interrogatory is no reason to defer answering the rest."). Not considering that all of the information and documents requested by Marfork fall within the scope of Rule 26(b)(1), Defendants cannot seriously contend that the communications between themselves, the photographs depicting their trespass, and similar items are irrelevant. Defendants have, in effect, used an overbroad relevancy objection to avoid responding at all, even to those things that no person could deny are relevant.

Second, Defendants have refused to produce any information or documents that they believe might implicate the co-conspirators who helped organize, plan, and participate in the trespass, arguing that such inquiries have no relevance in this case. Yet, "'**all persons who command, instigate, promote, encourage, advise, countenance, co-operate in, aid, or abet the commission of a trespass * * * are cotrespassers with the person committing the trespass and are liable as principals to the same extent and in the same manner as if they had performed the wrongful act themselves**.'" *Natl. Labor Relations Bd. v. Cranston Print Works Co.*, 258 F. 2d 206, 213 (4th Cir. 1958) (quoting 52 Am. Jur. 861, Trespass § 31) (emphasis added).[3] Indeed, "[o]ne may not escape civil responsibility for a trespass merely by hiring someone else to do the physical labor involved, under one's own immediate supervision." *W. Va. Pulp & Paper Co. v. Cone*, 153 F. 2d 576, 581 (4th Cir. 1946) (reversed on other grounds). And, under the law of civil conspiracy, "liability for a tort may be imposed on people

---

[3] *See also Hunt v. Di Bacco*, 69 W. Va. 449, 71 S.E. 584, 584-85 (W. Va. 1911) ("Any person who is present at the commission of a trespass, encouraging or exciting the same by words, gestures, looks, or signs, or who in any way or by any means countenances and approves the same, is in law deemed to be an aider and abettor, and liable as principal, and proof that a person is present at the commission of a trespass without disapproving or opposing it is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance, and approved it, and was thereby aiding and abetting the same.").

who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s)." Syl. Pt. 9, in part, *Dunn v. Rockwell*, 689 S.E.2d 255, 259 (W. Va. 2009). Thus, Defendants have no basis on which to argue that Marfork's Discovery Requests are irrelevant simply because the scope of inquiry reaches to persons other than Defendants themselves, especially given that the requests directly relate to Marfork's trespass and conspiracy claims (that Defendants conspired among themselves and with unknown others).

Moreover, Rule 26 and controlling case law expressly mandate that Marfork is entitled to discover the identities of witnesses with knowledge of any discoverable matter, which includes those persons who aided and participated in Defendants' trespass (and the larger conspiracy to trespass). *See* Fed. R. Civ. P. 26(b)(1); *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 246 (N.D.W. Va. 1970) ("Names and addresses of persons having knowledge of relevant facts or discoverable matter may be ascertained by interrogatories."); *Jackson v. Kroblin Refrigerated Xpress, Inc.*, 49 F.R.D. 134, 136 (N.D.W. Va. 1970) ("[A]s provided in Rule 26(b), . . . interrogatories relating to 'the identity and location of persons having knowledge of relevant facts' are permissible. Moreover, they are necessary if the purposes of the discovery process are to be fulfilled."). Likewise, Marfork is entitled to discover the information and documents requested in Interrogatory Nos. 3 and 5 and Request for Production Nos. 2, 3, and 5 as they go to the very essence of Marfork's claims. *See Alberts*, 2010 WL 1539852, at **2-15 (ordering responses to interrogatories that sought information regarding addresses, telephone numbers, emails, prior and pending litigation, previous convictions, employment history, and tax returns). Those Discovery Requests are designed to determine certain information which concerns the events (and damages) that are the subject of this litigation.

Lastly, Defendants' exulted reliance on Magistrate Judge VanDervort's memorandum opinion in *Marfork Coal Co., Inc. v. Smith, et al.*, Civil Action No. 5:10-cv-0069, is misplaced.

In *Smith*, after explaining that "[r]elevant matters are therefore ones which relate to a party's claim or defense and include information about persons who know of such relevant matters," Magistrate Judge VanDervort found that, "[r]especting Plaintiff's claim that others who participated with and assisted Defendants in their January, 2010, trespass upon Plaintiff's property are witnesses, those persons may have information relevant to Plaintiff's claims, but the information is cumulative as it appears from Ms. Nitchman's deposition that Defendants are basically willing to admit that they acted together in trespassing upon Plaintiff's property then." *Smith*, Civ. Action No. 5:10-cv-0069, Doc No. 186 at pp. 15, 17. While Marfork would disagree with Magistrate Judge VanDervort that discovery could be "cumulative" based on how something "appeared" to him (without the benefit of any discovery), the facts and circumstances of the instant case are patently different. Here, Defendants have not admitted, and have not expressed any willingness to admit, that they trespassed on Marfork's Beetree Surface Mine. Quite the opposite, Defendants have contested that they were engaged in a "trespass," asserting that their actions were protected by the First Amendment. Also, Defendants asserted in their Answer to the Verified Complaint that their actions were justified, necessary, and privileged and denied allegations of an unlawful trespass or conspiracy. (*See* Doc. No. 9.) They even deny that Marfork is a West Virginia corporation capable of owning and operating the Beetree Surface Mine, as ridiculous as that may be.

According to Defendants, then, Marfork is a long way from proving its claims. As such, those persons who witnessed Defendants' trespass, and the organization, planning, and preparation therefor, possess the very knowledge about those actions that would shed light on, among other things, the critical issues in this case. **Defendants cannot be allowed to raise defenses to Marfork's claims and then (1) refuse to answer the Discovery Requests that go to the factual and/or legal bases of those very defenses and (2) hide the identities of**

witnesses.  Thus, Defendants' relevancy objections, uniformly, should be rejected, and Defendants should be compelled to provide full and complete responses, without objections, to Interrogatory Nos. 3, 5, 6, 7, and 8 and to Request for Production Nos. 2, 3, 5, 6, 7, and 11.

**C.  Defendants' objections based on First Amendment "privileges" are improperly asserted and unsupported in law or fact.**

Defendants' broad assertion of the First Amendment as a shield to discovery about their tortious misconduct is unsupported in law or fact.  Defendants base their First Amendment objections on the notion that they, and their co-conspirators, were engaged in "peaceful advocacy of civil disobedience," which they more generally claim to implicate freedom of speech and freedom of association.[4]  There was nothing peaceful or civil about Defendants' trespass—they entered onto Marfork's private property, without permission, and placed the lives of Marfork's employees and contract personnel, and their own lives, at risk of serious physical injury or death. While other actions might constitute "peaceful advocacy," such as making comments at a public hearing or attending a rally on public property, an unlawful trespass, and conspiracy to trespass, on an active surface mine do not.  Regardless of whether any "advocacy" or "speech" could be derived from their actions (which advocacy and speech are NOT the subject of Marfork's claims), Defendants and their co-conspirators knowingly and unlawfully trespassed on Marfork's Beetree Surface Mine to stop mining operations.  Defendants and their co-conspirators did not simply "urge civil disobedience" or "advocate future unlawful acts," they organized, planned, and participated in a trespass.  These actions go far beyond mere speech and association and are not entitled to First Amendment protection.  *See Louisiana ex rel. Gremillion v. NAACP*, 366

---

[4] Make no mistake about their argument: Defendants claim that they have a "freedom of speech" privilege to trespass on Marfork's private property to interfere with Marfork's mining operations and a "freedom of association" privilege to conspire among themselves and with others to commit such trespass, and that these "privileges" magically combine to create a new "freedom from discovery" privilege.

U.S. 293, 297 (1961) ("[C]riminal conduct . . . cannot have shelter in the First Amendment.").[5]

Clearly, the First Amendment does NOT excuse unlawful trespasses on private property, even those that masquerade as "civil disobedience." **The Supreme Court "has never held that a trespasser or an uninvited guest may exercise general rights of free speech on property privately owned and used nondiscriminatorily for private purposes only."** *Lloyd Corp. v. Tanner*, 407 U.S. 551 (1972) (emphasis added). And, "[t]he guarantees of the First Amendment have never meant 'that people who want to propagandize protests or views have a constitutional right to do so whenever and however and wherever they please.'" *Greer v. Spock*, 424 U.S. 828, 836 (1976) (quoting *Adderley v. Florida*, 385 U.S. 39, 48 (1966)). Marfork's "right to exclude others is a fundamental element of private property ownership, and the First Amendment does not create an absolute right to trespass." *Armes v. City of Philadelphia*, 706 F. Supp. 1156, 1164 (E.D. Pa. 1989) (citing *Kaiser Aetna v. United States*, 444 U.S. 164 (1979); *Hudgens v. Natl. Labor Relations Bd.*, 424 U.S. 507 (1976)). Indeed, Marfork's rights as a "private property owner outweigh the rights of . . . protestors" such as Defendants. *Id.* at 1165. Thus, no matter how "sincere and deeply held" Defendants' views on coal mining may be, "this fact . . . is insufficient to give [Defendants] a privilege to express their views by invading the private property of those with whom they disagree. **The First Amendment does not guarantee a right to commit defiant trespass. Those who engage in civil disobedience on private property must pay the price: arrest and prosecution.**" *Id.* at 1166 (internal footnote omitted and emphasis added). Because Defendants had no "freedom of speech" right to trespass on

---

[5] It also is important to understand that, while Defendants claim they were engaging in "civil disobedience" and were "petitioning" the Government, and have offered whatever excuse they can think of to try to avoid discovery, Marfork is entitled to take discovery on the very issues that Defendants raise. Why, for example, must Marfork accept these "defenses" and not be allowed to test them through discovery?

Marfork's private property, they cannot object to discovery on that basis.[6]

Furthermore, Defendants miss the mark with their objection that "[a]dvocacy of illegal action at some indefinite future time" is not actionable. *See Hess v. Indiana*, 414 U.S. 105, 108 (1973). Whatever the constitutional protections may be for those who advocate future illegal action, they do not apply here. Defendants and their co-conspirators organized, planned, and participated in the July 20, 2011 trespass; such misconduct goes well beyond mere advocacy. Regardless of how Defendants now wish to mischaracterize their actions, the torts they and their co-conspirators committed are clearly actionable.

Defendants' oft-asserted "freedom of association privilege" also does not shield them and their co-conspirators from discovery. **The "constitutionally protected right to associate for expressive purposes exists [only] if the activity for which persons are associating is itself protected by the First Amendment."** *Willis v. Town of Marshall*, 426 F.3d 251, 258 (4th Cir. 2005) (emphasis added). As explained above, trespass on private property and conspiracy to trespass are NOT protected by the First Amendment. Indeed, in *Madsen v. Women's Health Center, Inc.*, the Supreme Court expressly held that **"[t]he freedom of association protected by the First Amendment does not extend to joining with others for the purpose of depriving third parties of their lawful rights."** 512 U.S. 753, 776 (1994) (emphasis added). Here, Defendants and their co-conspirators joined together for the express purpose of depriving Marfork of its lawful right to the exclusive use and possession of its Beetree Surface Mine property. Accordingly, the First Amendment offers them no protection.

The cases cited by Defendants in their myriad objections in support of a "freedom of

---

[6] In related fashion, Defendants raised the Noerr-Pennington Doctrine as an objection to Request for Production Nos. 7 and 11. Any assertion of the Noerr-Pennington Doctrine to avoid discovery is entirely inappropriate, as both the Fourth Circuit and this Court have found. *See Smith*, Civ. Action No. 5:10-cv-0069, Doc. No. 151 at p. 18 (quoting *N.C. Elec. Membership Corp. v. Carolina Power & Light Co.*, 666 F.2d 50 (4th Cir. 1981)) ("'Noerr-Pennington does not apply to discovery.'").

association privilege" also are inapposite, as they only address attempts by various government entities, not private parties like Marfork, to obtain lists of "rank-and-file" members of certain associations.  *See Gremillion,* 366 U.S. at 296-97 (upholding temporary injunction against enforcement of a Louisiana statute that required certain organizations to file, with the Louisiana Secretary of State, a list of names and addresses for *every* member of each organization); *NAACP v. Alabama,* 357 U.S. 449, 453, 460-65 (1958) (striking down lower court's order that NAACP produce records containing "names and addresses of *all* Alabama 'members' and 'agents' of the Association" pursuant to a state qualification statute) (emphasis added); *Bates v. Little Rock,* 361 U.S. 516, 517-18, 523-27 (1960) (reversing convictions of petitioners for violating an Arkansas ordinance that required them to disclose to city officials *all* persons who paid "dues, fees, assessments and/or contributions" to a local NAACP branch).  As indicated by the language of its Discovery Requests, Marfork is **NOT** seeking any membership lists of any organizations to which Defendants may belong.  (*See* Ex. 1; Appx. A.)  Instead, Marfork wants to know who physically participated in Defendants' trespass, who organized and planned that trespass, and who witnessed firsthand the trespass and the preparations therefor.  Such persons may be liable as co-trespassers or co-conspirators, and they most certainly are witnesses to virtually every issue in this case, which makes their identities discoverable in this matter.  *See Natl. Labor Relations Bd.*, 258 F. 2d at 213; *Hunt*, 71 S.E. at 584-85; *Rogers*, 51 F.R.D. at 246; *Jackson*, 49 F.R.D. at 136; Fed. R. Civ. P. 26(b)(1).

Additionally, while an individual may, under certain circumstances, have a "freedom of association privilege" from disclosing certain information regarding his or her associations, a *prima facie* showing must first be made that "enforcement of the [discovery requests] will result in (1) harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or 'chilling' of, the members'

associational rights.'" *Perry v. Schwarzenegger*, 591 F. 3d 1147, 1160 (9th Cir. 2010) (quoting *Brock v. Local 375, Plumbers Int'l Union of Am.*, 860 F. 2d 346, 350 (9th Cir. 1998). Defendants have not made this *prima facie* showing and, thus, should be compelled to answer the Discovery Requests at issue. *See id.* at 1160. Indeed, Defendants cannot make the requisite *prima facie* showing because those Discovery Requests have nothing to do with "chilling" Defendants' freedom of association—they had no "freedom to associate" among themselves and with co-conspirators to engage in tortious activity directed against Marfork. *See Willis*, 426 F.3d at 258; *Madsen*, 512 U.S. at 776. And, to the extent Defendants claim they are asserting a "freedom of association privilege" on behalf of their co-conspirators, that is improper as well. *See Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973) ("[C]onstitutional rights are personal and may not be asserted vicariously.").[7]

Lastly, Defendants' exhaustive assertion of First Amendment "privileges" is entirely improper, as they have failed to produce a privilege log detailing the information and documents they claim to be privileged. Their failure to produce a privilege log was pointed out to their counsel on numerous occasions and never corrected, which has made it impossible to discern what they are withholding. (*See* Exs. 8, 14, 16). With regard to their asserted privileges, Defendants are required to "(i) expressly make the claim; and (ii) **describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.**" Fed. R. Civ. P. 26(b)(5) (emphasis added); *see also Ayers*, 240 F.R.D. at 222 ("Assertions of privilege are governed by Rule 26(b)(5)."). Had Defendants

---

[7] *See also McGowan v. Maryland*, 366 U.S. 420, 429 (1961) (quoting *United States v. Raines*, 362 U.S. 17, 22 (1960)) ("[T]he general rule is that 'a litigant may only assert his own constitutional rights or immunities[.]'"); *S.O.C., Inc. v. County of Clark,* 152 F. 3d 1136, 1142 (9th Cir. 1998) ("As a general rule, a litigant has standing only to vindicate his own constitutional rights.").

generated a privilege log, the Court could conduct an *in camera* hearing to examine the document(s) and determine if a valid privilege does, in fact, apply. *See United States v. Myers*, 593 F.3d 338 (4th Cir. 2010). At this point, however, the Court and Marfork can only guess as to what information and documents Defendants are claiming to be privileged.

Defendants' failure to properly respond to the Discovery Requests at issue has prejudiced, and will continue to prejudice, Marfork by hampering its ability to pursue its claims against Defendants. Accordingly, Defendants should be compelled to provide full and complete responses, without objections, to Interrogatory Nos. 3, 5, 6, 7, and 8 and to Request for Production Nos. 2, 3, 5, 6, 7, and 11.

**D.**  **Defendants' general, purely boilerplate objections do not comply with the Federal Rules of Civil Procedure and should be deemed waived.**

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath[,]" and "[t]he grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(3)-(4). Likewise, "the response [to a request for production] must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. . . . An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(B)-(C).

"The Federal Rules of Civil Procedure require ***particularized*** objections to allow an opposing party to respond appropriately." *Susko v. City of Weirton*, Civ. Action No. 5:09-CV-1, 2011 WL 98557, *6 (N.D.W. Va. Jan. 12, 2011) (emphasis added). "'Mere recitation of familiar litany that [a discovery request] is overly broad, burdensome, oppressive, and irrelevant' does not suffice as [a] specific objection." *Ayers v. Continental Cas. Co.*, 240 F.R.D. 216, 221 (N.D.W. Va. 2007) (quoting *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996)). In fact, to comply with the Rules, an objection should contain

> (1) a recital of the parties claims and defenses, (2) a summary of the applicable statutory and/or case law upon which the parties claims and defenses are predicated including the elements of each claim or defense, (3) a discussion of Court decisions considering the breadth or scope of discovery and any limitations upon discovery in the same or a similar type of case and (4) a statement respecting how and/or why the request seeks information which is irrelevant or will not likely lead to the discovery of relevant information or is vague, overly broad, burdensome or interposed for an improper purpose.

*Mills*, 259 F.R.D. at 132.

Not surprisingly, then, **"[b]oilerplate objections to discovery requests, including for documents, are inappropriate."** *Susko*, 2011 WL 98557, at *6 (emphasis added); *see also Mills*, 259 F.R.D. at 131 (quoting *VICA Coal Co., Inc. v. Crosby*, 212 F.R.D. 498, 503 (S.D.W. Va. 2003)) ("'Generic non-specific objections will not suffice when posed in response to reasonable [discovery requests].'"). In granting a motion to compel discovery in *Mills*, this Court explained that objections "'must be specific to each [discovery request] and explain or demonstrate precisely why or how the party is entitled to withhold from answering.'" 259 F.R.D. at 131 (quoting *VICA Coal*, 212 F.R.D. at 503). **"Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections."** *Id.* at 132 (emphasis added).

Defendants responded to Marfork's Discovery Requests with general, purely boilerplate objections that do not comply with the Rules. Their Supplemental Preliminary Objections, that is, their only "responses" to the requests for production at issue here, are clearly inadequate and inappropriate. *See Mills*, 259 F.R.D. at 130-32; *Susko*, 2011 WL 98557 at *6; *Ayers*, 240 F.R.D. at 221. At the beginning of each "response," Defendants merely cut-and-paste the same form objection that the subject Discovery Request is vague, overbroad, unduly burdensome, and unduly intrusive. (*See* Ex. 7; Appx. A.) Nowhere within that form objection do Defendants even pretend to comply with the Rules. *See Mills*, 259 F.R.D. at 132. It is well-settled that such

boilerplate objections are improper and should be deemed waived. *See id.* at 131; *see also Susko*, 2011 WL 98557 at *6; *Ayers*, 240 F.R.D. at 221. Moreover, in several instances, Defendants objected "based on First Amendment privileges," without explaining which privileges were being asserted. Such generalized objections also are inappropriate. *See Susko*, 2011 WL 98557 at *6.

Though less generalized than their Supplemental Preliminary Objections, Defendants' responses to Marfork's interrogatories still employ boilerplate objections, such as "vague," "overbroad," "unduly burdensome," and "demanding information of no possible relevance to this action." (*See* Exs. 13, 15; Appx. A.) Of particular note, as well, Defendants objected to Interrogatory No. 5 on the (unsupported) ground that the information requested "has to do generally with the subject matter of this action" and, thus, may not be had without a showing of good cause. (Ex. 15; Appx. A.) As defined in Definition O of Marfork's Discovery Requests, "subject matter of this litigation" means "the trespass, and the activities associated therewith, that occurred/began on July 20, 2011 at Marfork's Bee Tree Surface Mine in Raleigh County, West Virginia, the recruitment of persons to participate or assist those participating in the trespass, the plans to carry out such trespass, including the publication of information, and any criminal proceeding that involves or relates to the trespass." (Ex. 1.) Certainly, Marfork need not show good cause simply to inquire about the very trespass that is at the heart of this case.

Defendants' boilerplate objections, as well as the fact that they have formally responded to only two of Marfork's requests for production, highlight their dilatory approach to discovery in this case. Marfork afforded Defendants an **additional 36 days** to respond to its Discovery Requests and agreed to withdraw and revise several of those requests. Defendants have no excuse for their failure to meet their discovery obligations and, thus, should be compelled to provide full and complete responses, without objections, to Interrogatory Nos. 3, 5, 6, 7, and 8

and to Request for Production Nos. 2, 3, 5, 6, 7, and 11.

### III.  CONCLUSION

Apart from their failure to comply with the applicable rules, Defendants have improperly asserted cut-and-paste, boilerplate objections and refused to answer all of the Discovery Requests at issue based on unfounded relevancy objections and manufactured First Amendment "privileges."   As a result of Defendants' obstructionist tactics, Marfork has been unduly prejudiced in its prosecution of this case.

Accordingly, Marfork respectfully requests that the Court enter an order compelling Defendants to furnish full and complete responses, without objections, to Interrogatory Nos. 3, 5, 6, 7, and 8 and to Request for Production Nos. 2, 3, 5, 6, 7, and 11 contained in Marfork's Discovery Requests.  Marfork further requests such other relief as this Court deems appropriate, including its attorney fees and costs incurred in prosecuting this Motion to Compel Discovery.

**MARFORK COAL COMPANY, INC.**

**By Spilman Thomas & Battle, PLLC**

/s/ Samuel M. Brock III
Samuel M. Brock III (WV Bar No. 9216)
Patrick R. Barry (WV Bar No. 11064)
Keith D. Fisher (WV Bar No. 11346)
P.O. Box 273
Charleston, WV 25321
Tel: 304-340-3800
Fax: 304-340-3801
sbrock@spilmanlaw.com
pbarry@spilmanlaw.com
kfisher@spilmanlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT BECKLEY

**MARFORK COAL COMPANY, INC.,**
**a West Virginia corporation,**

      **Plaintiff,**

**v.**                            **CIVIL ACTION NO. 5:11-cv-00677**

**CATHERINE ANN MACDOUGAL,**
**REBECCA KOLINS, ELIAS SCHEWEL,**
**AND JUNIOR WALK,**

      **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

I, Samuel M. Brock, III, counsel for Marfork Coal Company, Inc., hereby certify that on February 25, 2012, I electronically filed the foregoing "**Plaintiff Marfork Coal Company, Inc.'s Memorandum of Law in Support of Its Motion to Compel Discovery**" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Terry J. Lodge
316 N Michigan St, Suite 520
Toledo, OH 43604
tjlodge50@yahoo.com

Carter P. Lloyd
P.O. Box 26
Berryville, VA 22611
cplloyd@visuallink.com

Lawrence A. Hildes
P.O. Box 5405
Bellingham, WA 98227
lhildes@earthlink.net

                /s/ Samuel M. Brock III
                Samuel M. Brock III (WV Bar No. 9216)